# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 24, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| THERESA ROSA, | * | UNPUBLISHED OPINION |
| | * | |
| Petitioner, | * | No. 14-886V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Decision on Damages; |
| AND HUMAN SERVICES, | * | Joint Stipulation; Influenza |
| | * | ("Flu") Vaccine; |
| Respondent. | * | Guillan-Barré syndrome ("GBS"); |
| | * | Acute Renal Failure; |
| | * | Wegener's Granulomatosis |
| * * * * * * * * * * * * * | | |

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA for petitioner.
Michael Patrick Milmoe, U.S. Department of Justice, Washington, D.C. for respondent.

### DECISION ON JOINT STIPULATION[1]

On September 22, 2014, Theresa Rosa ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered Guillan-Barré syndrome ("GBS"), acute renal failure, and Wegener's Granulomatosis which were caused-in-fact by an influenza ("flu") vaccine received on September 27, 2011. Stipulation (ECF No. 60), ¶ 4.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 23, 2017, the parties filed a stipulation recommending an award of compensation to petitioner.  Stipulation (ECF No. 60).  Respondent denies that the flu vaccine caused petitioner's alleged GBS, acute renal failure, Wegener's Granulomatosis, or any other injury, and further denies that petitioner's current disabilities are sequelae of a vaccine-related injury.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

**The parties stipulate that petitioner shall receive a lump sum of $100,000.00, in the form of a check payable to petitioner, Ms. Theresa Rosa.**  Joint Stipulation at ¶ 8.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  Id.

The undersigned approves the requested amount for petitioner's compensation.  Accordingly, **the Clerk of the Court is directed to enter judgment in accordance with the parties' stipulation**.[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

THERESA ROSA,                          )
                                       )
              Petitioner,              )        No. 14-886V (ECF)
                                       )        Special Master Gowen
       v.                              )
                                       )
SECRETARY OF HEALTH                    )
AND HUMAN SERVICES,                    )
                                       )
              Respondent.              )
                                       )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Theresa Rosa, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu vaccination on September 27, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS"), acute renal failure, and Wegener's Granulomatosis, which were caused-in-fact by the flu vaccine. Petitioner further alleges that she suffered the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused petitioner's alleged GBS, acute renal failure, Wegener's Granulomatosis, or any other injury, and further denies that petitioner's current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $100,000.00 in the form of a check payable to petitioner, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11.  Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.  In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on September 27, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about September 22, 2014, in the United States Court of Federal Claims as petition No. 14-886V.

14.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in

conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS, acute renal failure, Wegener's Granulomatosis, or any other injury or any of her current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

THERESA ROSA

ATTORNEY OF RECORD FOR
PETITIONER:

JEFFREY S. POP, ESQ.
Jeffrey S. Pop & Associates
9107 Wilshire Boulevard, Suite 700
Beverly Hills, CA 90210
(310) 273-5462

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

NARAYAN NAIR, M.D.
Director
Division of Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 08N146B
Rockville, MD 20857

DATE: _March 23 2017_

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4125