# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

Filed: June 14, 2017
No. 14-886V

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| THERESA ROSA, | * | |
| | * | UNPUBLISHED OPINION |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Master's Discretion |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Jeffrey S. Pop,* Jeffrey S. Pop & Associates, Beverly Hills, CA for petitioner.
*Michael Patrick Milmoe*, U.S. Department of Justice, Washington, D.C. for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 22, 2014, Theresa Rosa ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleges that as a result of an influenza ("flu") vaccine administered on September 27, 2011, she suffered Guillan-Barré syndrome ("GBS"), acute renal failure, and Wegener's Granulomatosis. Stipulation at ¶ 4, ECF No. 60. On March 24, 2017, the undersigned issued a decision awarding compensation to petitioners based on the parties' joint stipulation. ECF No. 61.

On May 22, 2017, petitioner filed a Motion for Attorneys' Fees and Costs ("Petitioner's Motion"). ECF No. 66. Petitioner requests attorneys' fees in the amount of $49,711.50 and costs in the amount of $22,310.79, for a total request of $72,022.29. *Id.* Included in Petitioner's

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

Motion is petitioner's signed statement consistent with General Order #9 that she incurred no costs or fees related to the prosecution of this claim. Petitioner's Motion, Exhibit 4.

On June 8, 2017, respondent filed a Response to Petitioner's Motion ("Respondent's Response"). ECF No. 67. Respondent states he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. He "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. This matter is now ripe for review.

I. **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa—15(e)(1). A petitioner need not prevail on entitlement to receive a fee award as long as petitioner brought the claim in "good faith" and with a "reasonable basis" to proceed. *Id.* In the present case, petitioner was awarded compensation pursuant to a joint stipulation and is therefore entitled to an award of reasonable attorneys' fees and costs. Special Masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs. *See Perreira v. Sec'y of Health and Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994); *see also Saxton v. Sec'y of Health and Human Servs.*, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications").

a. **Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, the court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. With regard to determining reasonable hourly rates, the undersigned recently conducted a thorough analysis to determine appropriate hourly rates for work performed in the Program during 2015. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). *McCulloch* has been endorsed by all current special masters. The Office of Special Masters has issued a fee schedule which updates the *McCulloch* rates, to account for inflation in subsequent years, which may be found on the court's website.[3]

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Counsel should not include in their fee request hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d 1517 at 1521 (quoting *Hensley*

---

[3] *See* Office of Special Masters – Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016 & 2017, available at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

*v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *See Broekelschen v. Sec'y of Health & Human Servs.,* 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521 (citing *Farrar v. Sec'y of Health & Human Servs.*, 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

### i.   Reasonable Hourly Rate

Petitioner requests a rate of $420.00 per hour for work performed by Jeffrey S. Pop in this case, $250.00 per hour for work performed by Kristina E. Grigorian, $145.00 per hour for work performed by Thomas G. Hahn, and $125.00 per hour for work performed by law clerks.  Petitioner's Motion, Exhibit 1.  Special Masters in the Program have previously awarded petitioner's counsel similar rates and now he requests a rate increase, which the undersigned finds appropriate.  *See Pentcholov v. Sec'y of Health & Human Servs.*, No. 14-414, 2016 WL 3197389 (Fed. Cl. Spec. Mstr. April 29, 2016).  These requested rates are within the ranges set forth in *McCulloch* and the Office of Special Masters' fee schedules for those years.  Accordingly, the undersigned finds that petitioner's requested rates are reasonable.

### ii.   Hours Expended

Petitioner requests compensation for 58.1 hours entered by Jeffrey S. Pop, 34.9 hours entered by Kristina E. Grigoria, 93.6 hours entered by Thomas G. Hahn, and 24.1 hours entered by law clerks.  Petitioner's Motion, Exhibit 1.  Petitioner submitted billing logs listing the date, the amount of time expended, the individual billing, and the nature of each task.  *See generally* Petitioner's Motion, Exhibit 1.  Based on the lack of objection from respondent and a thorough review of Petitioner's Motion, the undersigned find that the hours expended are reasonable and the total of $49,711.50 in attorneys' fees should be awarded in full.

### b.   Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests a total of $22,310.79 in costs.  Petitioner's Motion at 10.  The requested costs consist, *intra alia*, of the filing fee, costs for obtaining medical records, and retaining an expert.  *See generally* Petitioner's Motion, Exhibit 2.  Based on a review of the submitted expenses, the undersigned finds that the requested costs are reasonable and should be awarded in full.

## II. Total Award Summary

3

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The undersigned has reviewed counsel's time records and tasks performed, and finds them reasonable. Petitioner's counsel submitted receipts for his expenses, which the undersigned has also reviewed and finds reasonable. *See generally* Petitioner's Motion, Exhibit 2.

Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs. The undersigned awards fees and costs as follows:

| | |
|---|---|
| **Attorneys' Fees Awarded** | **$49,711.50** |
| **Attorneys' Costs Awarded** | **$22,310.79** |
| **Total Attorneys' Fees and Costs Awarded** | **$72,022.29** |

**Accordingly, the undersigned awards attorneys' fees and costs as follows:**

1) **A lump sum in the amount of $72,022.29[5], representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Theresa Rosa, and her counsel, Jeffrey S. Pop of Jeffrey S. Pop & Associates.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

                                                **s/Thomas L. Gowen**
                                                Thomas L. Gowen
                                                Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice not to seek review.